# EXHIBIT A



# STATE OF RHODE ISLAND
## SUPERIOR COURT
### SUMMONS

| | |
|---|---|
| | **Civil Action File Number** <br> PC-2022-04636 |
| **Plaintiff** <br> Peter Kazarian <br> v. <br> Shanix, Inc. d/b/a Shanix Technology, Inc. <br> **Defendant** | **Attorney for the Plaintiff or the Plaintiff** <br> Robert E Savage <br> **Address of the Plaintiff's Attorney or the Plaintiff** <br> SAVAGE & SAVAGE <br> 156 AIRPORT ROAD <br> WARWICK RI 02889 |
| Licht Judicial Complex <br> Providence/Bristol County <br> 250 Benefit Street <br> Providence RI 02903 <br> (401) 222-3250 | **Address of the Defendant** <br> 40 Worttington Road <br> Cranston RI 02920 |

**TO THE DEFENDANT, Shanix, Inc. d/b/a Shanix Technology, Inc.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 7/28/2022. | /s/ Stephen Burke <br> Clerk |
|---|---|

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2020)

DATE 10/8/22
A TRUE COPY ATTEST
VINCENT P CATAMERO
R.I. CONSTABLE #6023



# STATE OF RHODE ISLAND

## SUPERIOR COURT

| Plaintiff<br>Peter Kazarian<br>v.<br>Shanix, Inc. d/b/a Shanix Technology, Inc.<br>**Defendant** | **Civil Action File Number**<br>PC-2022-04636 |
|---|---|

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Shanix, Inc. d/b/a Shanix Technology, Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2



# STATE OF RHODE ISLAND
## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
   Name of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
   Name of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____
_____

SERVICE DATE: ___/___/___      SERVICE FEE $ _____
               Month Day Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE
_____

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
Signature

State of _____
County of _____

On this _____ day of _____, 20___, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2020)

Case Number: PC-2022-04236
Filed in Providence/Bristol County Superior Court
Submitted: 7/27/2022 7:41 PM
Envelope: 3725565
Reviewer: Maureen D.

Case 1:22-cv-00381-WES-PAS   Document 1-1   Filed 10/25/22   Page 5 of 12 PageID #: 9

| | |
|---|---|
| **PETER KAZARIAN,** ) | |
| **Plaintiff** ) | **STATE OF RHODE ISALND** |
| ) | |
| VS. ) | |
| ) | C.A. No.: PC 2022- |
| **SHANIX, INC.** ) | |
| **d/b/a SHANIX TECHOLOGY, INC.** ) | **CIVIL ACTION** |
| **Defendant** ) | |

## COMPLAINT

### *NATURE OF CASE*

1. Plaintiff, Peter Kazarian, alleges that his former employer, SHANIX, INC. d/b/a SHANIX TECHOLOGY, INC., in violation of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws §§ 28-5-1 *et seq.* ("FEPA"), Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1 *et seq.* ("RICRA"), and Age Discrimination in Employment Act, §§ 29 U.S.C. 621 *et seq.* ("ADEA"), discriminated against him because of his age by terminating his employment with it.

### *JURISDICTION AND VENUE*

2. This Court has jurisdiction over the Plaintiff's Rhode Island Fair Employment Practices Act claim pursuant to R.I. Gen. Laws § 28-5-24.1.

3. This Court has jurisdiction over the Plaintiff's Rhode Island Civil Rights Act claim pursuant to R.I. Gen. Laws § 42-112-2.

4. This Court has jurisdiction over Plaintiff's Age Discrimination in Employment Act claim pursuant to 29 U.S.C. §§ 621-334 as it is a court of general jurisdiction.

5. Venue is proper in this Court since the alleged unlawful employment practices occurred in Providence County and the Defendant's main place of business is in Providence County.

Case Number: PC-2021-05236
Filed in Providence/Bristol County Superior Court
Submitted: 7/27/2022 7:41 PM
Envelope: 3725565
Reviewer: Maureen D.

Case 1:22-cv-00381-WES-PAS   Document 1-1   Filed 10/25/22   Page 6 of 12 PageID #: 10

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. On May 5, 2021, which was less than 300 days since the Plaintiff had notice of the Defendant's unlawful employment practices, Plaintiff co-filed a charge against SHANIX, INC. d/b/a SHANIX TECHOLOGY, INC. alleging age discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the United States Equal Employment Opportunity Commission ("EEOC").

7. After the Charge had been pending for more than 120 days but less than two years, Plaintiff requested that the RICHR issue a right to sue notice so that he could pursue his FEPA claims in court.

8. The RICHR issued Plaintiff a Notice of Right to Sue for his FEPA claims against the Defendant on April 29, 2022. This Complaint was filed within ninety days of the date that the Right to Sue Notice from the RICHR was issued.

9. After the Charge had been pending for more than 180 days, the EEOC issued a Notice of Right to Sue to Plaintiff for his ADEA claims against the Defendant on June 29, 2022.

10. This Complaint was filed within ninety days of the date that the Right to Sue Notice from the EEOC was issued to Plaintiff.

11. The Rhode Island Civil Rights Act, RIGL §§ 42-112-1 *et seq.* does not require an exhaustion of administrative remedies and this Complaint was filed within its applicable statute of limitations.

## PARTIES

12. Plaintiff, Peter Kazarian, currently lives in Sutton, Massachusetts.

13. Defendant, Plaintiff's former employer, Shanix, Inc., d/b/a Shanix Technology, Inc. (hereinafter "Shanix") is a Rhode Island domestic for-profit corporation that is located in Cranston, R.I.

14. It is Plaintiff's information and belief that Shanix employed 20 or more employees for each business day that Plaintiff worked for it starting in June of 2019 to the present, and at least two years prior to Plaintiff to working for it.

## *ALLEGATIONS*

15. Plaintiff, Peter Kazarian, was 58 years old on the date that Shanix hired him for a position on or about June 2019.

16. As of the third quarter of 2019, Plaintiff held the position of Business Development Manager.

17. In or around the third quarter of 2019, Shanix brought in a new management employee, Brandon Tessier, to hold the position of Director of Business.

18. Mr. Tessier became Plaintiff's supervisor upon his arrival at Shanix.

19. It is Plaintiff's information and belief that Mr. Tessier was promoted to the position of Vice President within about 90 days of him being hired by Shanix.

20. It is Plaintiff's information and belief that Mr. Tessier is substantially younger than Plaintiff.

21. It is Plaintiff's information and belief that Mr. Tessier wanted to terminate Plaintiff from his employment with Shanix because of Plaintiff's age from the inception of Mr. Tessier's arrival at Shanix.

Case Number: CV-2022-04636
Filed in Providence/Bristol County Superior Court
Submitted: 7/27/2022 7:41 PM
Envelope: 3725565
Reviewer: Maureen D.

Case 1:22-cv-00381-WES-PAS   Document 1-1   Filed 10/25/22   Page 8 of 12 PageID #: 12

22. Mr. Tessier made several remarks to Plaintiff and others that indicated that he viewed Plaintiff negatively due to Plaintiff's age and that he wanted to terminate Plaintiff because of Plaintiff's age.

23. Shortly after Mr. Tessier began working at Shanix, while Plaintiff was sitting in Shanix's coffee/lunchroom, Mr. Tessier made a point of telling Plaintiff that he knew Plaintiff's age.

24. Close to when Mr. Tessier first arrived, when they were going over a process on the spreadsheet program Excel, Mr. Tessier told Plaintiff that it was "time for a young dog to teach an old dog new tricks."

25. In late winter of 2019, it was apparent to Plaintiff that Mr. Tessier wanted to terminate Plaintiff because of Plaintiff's age.

26. Due to this concern, while they were working on a project for which Plaintiff was needed to complete it, Plaintiff asked Mr. Tessier the question, "If I was not working on this would you have let me go?" And Mr. Tessier replied that Plaintiff would have been gone in a second.

27. This comment confirmed to Plaintiff that Mr. Tessier was waiting for an opportunity to terminate him when doing so would do the least harm to Shanix.

28. It is Plaintiff's information and belief that Mr. Tessier directed the workflow so that Plaintiff would not get credit for work that Plaintiff should be doing and trying to deny Plaintiff commission pay that Plaintiff was entitled to receive.

29. For example, on or about July 1, 2020 through July 2, 2020, when an existing client, a university located in Rhode Island, was requesting quotes for a job that normally would be directed to Plaintiff, Mr. Tessier directed that work in a way that he would ensure that

Plaintiff did not get credit for issuing these quotes or getting a commission if Shanix received the job.

30. On July 10, 2010, Shanix terminated Plaintiff from his position at Shanix and it is Plaintiff's information and belief that the *de facto* decisionmaker was Mr. Tessier.

31. It is Plaintiff's information and belief that Mr. Tessier terminated Plaintiff because of Plaintiff's age was confirmed when Plaintiff learned, after Plaintiff was terminated, when two employees, who were substantially younger than Plaintiff, who were hired by Mr. Tessier, informed Plaintiff that Mr. Tessier told them in their interviews that he intended to replace the older sales team members with younger more hungry sales consultants.

32. At the time of their interviews, Plaintiff was the only sales consultant who was over 50 years old. He was, in substance, telling these candidates that he intended to terminate Plaintiff because of Plaintiff's age.

33. It is Plaintiff's information and belief that Shanix violated the Rhode Island Fair Employment Practices Act, RI Gen. Law, § 28-5-1 *et seq.* and Rhode Island Civil Rights Act, § 42-112-1 *et seq.* and Age Discrimination in Employment Act, §§ 29 U.S.C. 621 *et seq.* by terminating Plaintiff from his employment with it on the basis of his age.

*CAUSES OF ACTION*

FOR AGE MOTIVATED ADVERSE TERMS AND CONDITIONS OF EMPLOYMENT

and TERMINATION OF EMPLOYMENT

*PETER KAZARIAN VS. SHANIX, INC. D/B/A SHANIX TECHOLOGY, INC.*

First Cause of Action: FEPA, R.I. Gen. Laws §§ 28-5-1 *et seq.*

Second Cause of Action: RICRA, R.I. Gen. Laws §§ 42-112-1 *et seq.*

Third Cause of Action: ADEA, 29 U.S.C. §§ 29 U.S.C. 621 *et seq.*

Case Number: PC-2022-04626
Filed in Providence/Bristol County Superior Court
Submitted: 7/27/2022 7:41 PM
Envelope: 3725565
Reviewer: Maureen D.

Case 1:22-cv-00381-WES-PAS   Document 1-1   Filed 10/25/22   Page 10 of 12 PageID #: 14

34. Plaintiff incorporates all the above paragraphs of this Complaint for Causes of Action One, Two, and Three.

35. Defendant Shanix has continuously and intentionally discriminated against Plaintiff on the basis of his age in violation of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1 *et seq.*, Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1 *et seq.* and, Age Discrimination in Employment Act, §§ 29 U.S.C. 621 *et seq.* by: (1) denying him equal terms and conditions of employment; and (2) by terminating his employment.

36. As a direct and proximate cause result of said acts, in general, Plaintiff has suffered economic damages, including, but not limited to, back pay and benefits, and mental, emotional, and social damages including, but not limited to, emotional distress, loss of enjoyment of life, humiliation, and damage to his personal and business reputation, as a result of Defendant discriminating against him on the basis of his age.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment:

a. Declaring that the acts and practices complained of herein are in violation of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws §§ 28-5-1 *et seq.*, Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1 *et seq.*, and Age Discrimination in Employment Act, §§ 29 U.S.C. 621 *et seq.*;

b. Enjoining and permanently restraining the Defendant from further violating the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws §§ 28-5-1 *et seq.*, Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1 *et seq.*, and Age Discrimination in Employment Act, §§ 29 U.S.C. 621 *et seq.*;

Case Number: PC-2022-04626
Filed in Providence/Bristol County Superior Court
Submitted: 7/27/2022 7:41 PM
Envelope: 3725565
Reviewer: Maureen D.

Case 1:22-cv-00381-WES-PAS   Document 1-1   Filed 10/25/22   Page 11 of 12 PageID #: 15

c. Pursuant to the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws §§ 28-5-1 *et seq.*, The Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1 *et seq.*, and the Age Discrimination in Employment Act, §§ 29 U.S.C. 621 *et seq.* directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful discriminatory practices are eliminated and do not affect Plaintiff's future employment opportunities;

d. Pursuant to the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws §§ 28-5-1 *et seq.*, Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1 *et seq.*, and Age Discrimination in Employment Act, §§ 29 U.S.C. 621 *et seq.*, directing Defendant to place Plaintiff in the place she would have occupied but for Defendant's discriminatory treatment of him, and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, including, but not limited to, wages, and employee benefits;

e. Pursuant to the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws §§ 28-5-1 *et seq.* and Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1 *et seq.*, awarding the Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, psychological and psychiatric injuries, loss of enjoyment of life, and other non-pecuniary losses to be determined by a jury for violations of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws §§ 28-5-1 *et seq.* and/or the Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1 *et seq.*;

f. Awarding the Plaintiff punitive damages for Defendant's intentional violations of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws §§ 28-5-1 *et seq.* and/or Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1 *et seq.* Defendant was aware of the Plaintiff's statutory rights pursuant to the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws

Case Number: PC-2022-04626
Filed in Providence/Bristol County Superior Court
Submitted: 7/27/2022 7:41 PM
Envelope: 3725565
Reviewer: Maureen D.

Case 1:22-cv-00381-WES-PAS   Document 1-1   Filed 10/25/22   Page 12 of 12 PageID #: 16

§§ 28-5-1 *et seq* and/or The Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1 *et seq.*, and intentionally violated these statutes and did so with malice and ill will toward Plaintiff and/or reckless indifference to Plaintiff's statutorily protected rights.

g. Awarding Plaintiff liquated damages in an amount equal to the amount awarded for back pay for Defendant's intentional violation of the Age Discrimination in Employment Act, §§ 29 U.S.C. 621 *et seq.;*

h. Awarding Plaintiff, the costs of this action together with reasonable attorney's fees and expert witness fees, as provided by the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws §§ 28-5-1 *et seq.*, Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1 *et seq.*, and the Age Discrimination in Employment Act, §§ 29 U.S.C. 621 *et seq.;*

i. Awarding Plaintiff interest on the entire judgement; and

j. Granting such other and further relief as this Court deems necessary and proper.

## PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully submitted,
By Plaintiff's Attorney,

/s/ Robert E. Savage

Robert E. Savage (#4461)
SAVAGE & SAVAGE
156 Airport Road
Warwick, RI 02889
Telephone: (401) 732-9500
Fax: (401) 732-0166
robert@savageandsavage.com