STATE OF RHODE ISLAND                                SUPERIOR COURT
PROVIDENCE, S.C.

| | |
|---|---|
| PETER KAZARIAN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :  Civil Action No. PC-2022-04636 |
| | : |
| SHANIX, INC., D/B/A SHANIX | : |
| TECHNOLOGY, INC. | : |
| | : |
| Defendant. | : |

## **NOTICE OF FILING OF NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Shanix, Inc. ("Defendant") hereby gives

notice to the Superior Court of Providence County, Rhode Island, and to the attorney for Plaintiff

Peter Kazarian, that on October 25, 2022, Defendant filed a Notice of Removal, thereby removing

this action to the United States District Court for the District of Rhode Island. A copy of the Notice

of Removal electronically filed on October 25, 2022 is attached hereto.

Respectfully submitted,

SHANIX, d/b/a SHANIX TECHNOLOGY, INC.

By its attorneys,

/s/ Eric B. Mack
Eric B. Mack (#7784)
Gregory E. Henninger (#9776)
LITTLER MENDELSON, P.C.
One Financial Plaza, Suite 2205
Providence, RI  02903
(401) 824-2500
(401) 454-2969 (fax)
emack@littler.com
ghenninger@littler.com

Dated:  October 25, 2022

Case Number: PC-2022-04636
Filed in Providence/Bristol County Superior Court
Submitted: 10/25/2022 11:42 AM
Envelope: 3843696
Reviewer: Maureen D.

Case 1:22-cv-00381-WES-PAS    Document 4    Filed 10/26/22    Page 2 of 36 PageID #: 27

## CERTIFICATE OF SERVICE

I, Eric B. Mack, hereby certify that on the <u>25th</u> day of October, 2022, the foregoing document was e-filed and served through the electronic filing system on the following parties. The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

Robert E. Savage, Esq.
SAVAGE & SAVAGE
156 Airport Road
Warwick, RI 02889
robert@savageandsavage.com

/s/ Eric B. Mack
Eric B. Mack

4887-4041-0925.1 / 113375-1001

Case Number: PC-2022-04636
Filed in Providence/Bristol County Superior Court
Submitted: 10/25/2022 11:42 AM
Envelope: 3843696
Reviewer: Maureen D.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PETER KAZARIAN,                          :
                                         :
        Plaintiff,                       :
                                         :
    v.                                   :        Civil Action No. _____
                                         :
SHANIX, INC., D/B/A SHANIX               :
TECHNOLOGY, INC.                         :
                                         :
        Defendant.                       :
                                         :

## NOTICE OF REMOVAL

Defendant Shanix, Inc., d/b/a Shanix Technology, Inc., ("Defendant") files this Notice of
Removal in accordance with 28 U.S.C. §§ 1331, 1441, and 1446, and hereby removes this action
from the Superior Court of the State of Rhode Island, Providence County, to the United States
District Court for the District of Rhode Island. As its reasons for removal, Defendant states:

## BACKGROUND

I.      By Summons and Complaint, Plaintiff Peter Kazarian ("Plaintiff") commenced a
civil action against Defendant in Providence County Superior Court titled *Peter Kazarian v.*
*Shanix Inc., d/b/a Shanix Technology, Inc.,* C.A. No. KC-2022-04636 (the "Superior Court
Action"). True and accurate copies of the Summons and Complaint Plaintiff caused to be served
upon Defendant are attached as **Exhibit A** and constitute all processes, pleadings and orders
served upon Defendant in this action to the present date. 28 U.S.C. § 1446(a).

2.      Defendant was served with the Summons and Complaint in the Superior Court
Action on October 5, 2022. The instant Notice of Removal is being filed within thirty (30) days

Case Number: PC-2022-04636
Filed in Providence/Bristol County Superior Court
Submitted: 10/25/2022 11:42 AM
Envelope: 3843696
Reviewer: Maureen D.

Case 1:22-cv-00381-WES-PAS   Document 4   Filed 10/26/22   Page 4 of 36 PageID #: 29

of the date on which Defendant was served with the Summons and Complaint in the Superior

Court Action.  28 U.S.C. § 1446(b).

3.      Attached as **Exhibit B** is a copy of the Notice of Filing of Notice of Removal, the

original of which is being filed with the Providence County Superior Court.   28 U.S.C. §

1446(d).

## FEDERAL QUESTION JURISDICTION

4.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331

because the Complaint states a federal cause of action against Defendant under the Age

Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* ("ADEA").  (Compl. ¶¶ 1, 4, 9, 34-

36.)   Thus, this case is a civil action over which this Court has original "federal question"

jurisdiction under 28 U.S.C. § 1331, in that the action arises under the Constitution, laws, or

treaties of the United States.

5.      Accordingly, this action is removable, without regard to the citizenship or

residence of the parties pursuant to 28 U.S.C. §§ 1331 and 1441(b) ("Any civil action of which

the district courts have original jurisdiction founded on a claim or right arising under the … laws

of the United States shall be removable without regard to the citizenship or residence of the

parties.").

6.      The Court has supplemental jurisdiction over Plaintiff's state law claim for age

discrimination in violations of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws

§§ 28-5-1 *et seq.* ("FEPA") (Compl. ¶¶ 1, 2, 7-8, 34-36.) and the Rhode Island Civil Rights Act,

R.I. Gen. Laws §§ 42-112-1 *et seq.* ("RICRA") (Compl. ¶¶ 1, 3, 34-36.).  The federal claim and

state law claims arise from the same case or controversy because they emanate from Plaintiff's

allegations relating to his employment with Defendant and Defendant's allegedly discriminatory

Case Number: PC-2022-04636
Filed in Providence/Bristol County Superior Court
Submitted: 10/25/2022 11:42 AM
Envelope: 3843696
Reviewer: Maureen D.

Case 1:22-cv-00381-WES-PAS Document 4 Filed 10/26/22 Page 5 of 36 PageID #: 30

treatment of Plaintiff. Therefore, this Court has supplemental jurisdiction over Plaintiff's state laws claim. 28 U.S.C. § 1367(a).

## **REMOVAL TO THIS DISTRICT IS PROPER**

7. This Notice of Removal is being filed in the District of Rhode Island, the District Court of the United States for the district and division within which the Superior Court Action is pending. 28 U.S.C. § 120 and 28 U.S.C. §§ 1441(a) and 1446(a).

WHEREFORE, Defendant respectfully requests that the Superior Court Action be removed and proceed in the United States District Court for the District of Rhode Island.

Respectfully submitted,

SHANIX, d/b/a SHANIX TECHNOLOGY, INC.,

/s/ Eric B. Mack
Eric B. Mack (#7784)
Gregory E. Henninger (#9776)
LITTLER MENDELSON, P.C.
One Financial Plaza, Suite 2205
Providence, RI 02903
(401) 824-2500
(401) 454-2969 (fax)
emack@littler.com
ghenninger@littler.com

Dated: October 25, 2022

## CERTIFICATE OF SERVICE

I, Eric B. Mack, certify that a true and accurate copy of the foregoing Notice of Removal was filed electronically by operation of the Court's CM/ECF System and served electronically as identified on the Notice of Filing as well as via email upon the following counsel of record on this 25th day of October, 2022:

Robert E. Savage, Esq.
SAVAGE & SAVAGE
I56 Airport Road
Warwick, RI 02889
robert@savageandsavage.com

/s/ Eric B. Mack
Eric B. Mack

4874-5112-1709.2 / 113375-1001

4

Case Number: PC-2022-04636
Filed in Providence/Bristol County Superior Court
Submitted: 10/25/2022 11:42 AM
Envelope: 3843696
Reviewer: Maureen D.

# EXHIBIT A



# STATE OF RHODE ISLAND

## SUPERIOR COURT

### SUMMONS

| | |
|---|---|
| | **Civil Action File Number** <br> PC-2022-04636 |
| **Plaintiff** <br> Peter Kazarian <br> v. <br> Shanix, Inc. d/b/a Shanix Technology, Inc. <br> **Defendant** | **Attorney for the Plaintiff or the Plaintiff** <br> Robert E Savage |
| | **Address of the Plaintiff's Attorney or the Plaintiff** <br> SAVAGE & SAVAGE <br> 156 AIRPORT ROAD <br> WARWICK RI 02889 |
| Licht Judicial Complex <br> Providence/Bristol County <br> 250 Benefit Street <br> Providence RI 02903 <br> (401) 222-3250 | **Address of the Defendant** <br> 40 Worttington Road <br> Cranston RI 02920 |

**TO THE DEFENDANT, Shanix, Inc. d/b/a Shanix Technology, Inc.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 7/28/2022. | /s/ Stephen Burke <br> Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2020)

DATE 10/0/22
A TRUE COPY ATTEST
VINCENT P CATAMERO
R.I. CONSTABLE #6023



## STATE OF RHODE ISLAND

## SUPERIOR COURT

| **Plaintiff**<br>Peter Kazarian<br>v.<br>Shanix, Inc. d/b/a Shanix Technology, Inc.<br>**Defendant** | **Civil Action File Number**<br>PC-2022-04636 |
|---|---|

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Shanix, Inc. d/b/a Shanix Technology, Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person of suitable age and discretion _____

    Address of dwelling house or usual place of abode _____

    _____

    Age _____

    Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.

    Name of authorized agent _____

    If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

    _____

☐ With a guardian or conservator of the Defendant.

    Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.

    Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2020)

Case Number: PC-2022-04636
Filed in Providence/Bristol County Superior Court
Submitted: 10/25/2022 11:42 AM
Envelope: 3843696
Reviewer: Maureen D.

Case 1:23-cv-00331-WES-PAS Document 4 Filed 10/26/22 Page 10 of 36 PageID #: 35



# STATE OF RHODE ISLAND

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
Name of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

_____

SERVICE DATE: _____ / _____ / _____          SERVICE FEE $ _____
                    Month    Day      Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

Signature

State of _____

County of _____

On this _____ day of _____ 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____ to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2020)

Case Number: PC-2022-04636
Filed in Providence/Bristol County Superior Court
Submitted: 10/26/2022 7:41 PM
Envelope: 3925585
Reviewer: Maureen D.

| | |
|---|---|
| PETER KAZARIAN,<br>    **Plaintiff** | ) <br> )   **STATE OF RHODE ISALND**<br> ) |
| **VS.** | ) <br> )   **C.A. No.: PC 2022-**<br> ) |
| **SHANIX, INC.**<br>**d/b/a SHANIX TECHOLOGY, INC.**<br>    **Defendant** | ) <br> )   **CIVIL ACTION**<br> ) |

**COMPLAINT**

*NATURE OF CASE*

1. Plaintiff, Peter Kazarian, alleges that his former employer, SHANIX, INC. d/b/a

   SHANIX TECHOLOGY, INC., in violation of the Rhode Island Fair Employment

   Practices Act, R.I. Gen. Laws §§ 28-5-1 *et seq.* ("FEPA"), Rhode Island Civil Rights Act,

   R.I. Gen. Laws §§ 42-112-1 *et seq.* ("RICRA"), and Age Discrimination in Employment

   Act, §§ 29 U.S.C. 621 *et seq.* ("ADEA"), discriminated against him because of his age by

   terminating his employment with it.

*JURISDICTION AND VENUE*

2. This Court has jurisdiction over the Plaintiff's Rhode Island Fair Employment Practices

   Act claim pursuant to R.I. Gen. Laws § 28-5-24.1.

3. This Court has jurisdiction over the Plaintiff's Rhode Island Civil Rights Act claim

   pursuant to R.I. Gen. Laws § 42-112-2.

4. This Court has jurisdiction over Plaintiff's Age Discrimination in Employment Act claim

   pursuant to 29 U.S.C. §§ 621-334 as it is a court of general jurisdiction.

5. Venue is proper in this Court since the alleged unlawful employment practices occurred

   in Providence County and the Defendant's main place of business is in Providence

   County.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. On May 5, 2021, which was less than 300 days since the Plaintiff had notice of the Defendant's unlawful employment practices, Plaintiff co-filed a charge against SHANIX, INC. d/b/a SHANIX TECHOLOGY, INC. alleging age discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the United States Equal Employment Opportunity Commission ("EEOC").

7. After the Charge had been pending for more than 120 days but less than two years, Plaintiff requested that the RICHR issue a right to sue notice so that he could pursue his FEPA claims in court.

8. The RICHR issued Plaintiff a Notice of Right to Sue for his FEPA claims against the Defendant on April 29, 2022. This Complaint was filed within ninety days of the date that the Right to Sue Notice from the RICHR was issued.

9. After the Charge had been pending for more than 180 days, the EEOC issued a Notice of Right to Sue to Plaintiff for his ADEA claims against the Defendant on June 29, 2022.

10. This Complaint was filed within ninety days of the date that the Right to Sue Notice from the EEOC was issued to Plaintiff.

11. The Rhode Island Civil Rights Act, RIGL §§ 42-112-1 *et seq*. does not require an exhaustion of administrative remedies and this Complaint was filed within its applicable statute of limitations.

## PARTIES

12. Plaintiff, Peter Kazarian, currently lives in Sutton, Massachusetts.

2

Case Number: PC-2022-04636
Filed in Providence/Bristol County Superior Court
Submitted: 10/26/2022 7:41 AM
Envelope: 3843220
Reviewer: Maureen D.

Case Number: PC-2022-04636
Filed in Providence/Bristol County Superior Court
Submitted: 10/26/2022 7:41 PM
Envelope: 3729365
Reviewer: Maureen D.

13. Defendant, Plaintiff's former employer, Shanix, Inc., d/b/a Shanix Technology, Inc. (hereinafter "Shanix") is a Rhode Island domestic for-profit corporation that is located in Cranston, R.I.

14. It is Plaintiff's information and belief that Shanix employed 20 or more employees for each business day that Plaintiff worked for it starting in June of 2019 to the present, and at least two years prior to Plaintiff to working for it.

*ALLEGATIONS*

15. Plaintiff, Peter Kazarian, was 58 years old on the date that Shanix hired him for a position on or about June 2019.

16. As of the third quarter of 2019, Plaintiff held the position of Business Development Manager.

17. In or around the third quarter of 2019, Shanix brought in a new management employee, Brandon Tessier, to hold the position of Director of Business.

18. Mr. Tessier became Plaintiff's supervisor upon his arrival at Shanix.

19. It is Plaintiff's information and belief that Mr. Tessier was promoted to the position of Vice President within about 90 days of him being hired by Shanix.

20. It is Plaintiff's information and belief that Mr. Tessier is substantially younger than Plaintiff.

21. It is Plaintiff's information and belief that Mr. Tessier wanted to terminate Plaintiff from his employment with Shanix because of Plaintiff's age from the inception of Mr. Tessier's arrival at Shanix.

3

Case Number: PC-2022-04636
Filed in Providence/Bristol County Superior Court
Submitted: 7/27/2022 7:41 AM
Envelope: 3725555
Reviewer: Maureen D.

Case Number: PC-2022-04636
Filed in Providence/Bristol County Superior Court
Submitted: 7/27/2022 7:41 PM
Reviewer: Maureen D.
Envelope: 3725555

22. Mr. Tessier made several remarks to Plaintiff and others that indicated that he viewed Plaintiff negatively due to Plaintiff's age and that he wanted to terminate Plaintiff because of Plaintiff's age.

23. Shortly after Mr. Tessier began working at Shanix, while Plaintiff was sitting in Shanix's coffee/lunchroom, Mr. Tessier made a point of telling Plaintiff that he knew Plaintiff's age.

24. Close to when Mr. Tessier first arrived, when they were going over a process on the spreadsheet program Excel, Mr. Tessier told Plaintiff that it was "time for a young dog to teach an old dog new tricks."

25. In late winter of 2019, it was apparent to Plaintiff that Mr. Tessier wanted to terminate Plaintiff because of Plaintiff's age.

26. Due to this concern, while they were working on a project for which Plaintiff was needed to complete it, Plaintiff asked Mr. Tessier the question, "If I was not working on this would you have let me go?" And Mr. Tessier replied that Plaintiff would have been gone in a second.

27. This comment confirmed to Plaintiff that Mr. Tessier was waiting for an opportunity to terminate him when doing so would do the least harm to Shanix.

28. It is Plaintiff's information and belief that Mr. Tessier directed the workflow so that Plaintiff would not get credit for work that Plaintiff should be doing and trying to deny Plaintiff commission pay that Plaintiff was entitled to receive.

29. For example, on or about July 1, 2020 through July 2, 2020, when an existing client, a university located in Rhode Island, was requesting quotes for a job that normally would be directed to Plaintiff, Mr. Tessier directed that work in a way that he would ensure that

4

Case Number: PC-2022-04636
Filed in Providence/Bristol County Superior Court
Submitted: 11/26/2022
Filed in Providence/Bristol County Superior Court
Envelope: 3728565
Confirmed: 7/27/2022 7:41 PM
Reviewer: Maureen D.
Envelope: 3728565
Reviewer: Maureen D.

Plaintiff did not get credit for issuing these quotes or getting a commission if Shanix received the job.

30. On July 10, 2010, Shanix terminated Plaintiff from his position at Shanix and it is Plaintiff's information and belief that the *de facto* decisionmaker was Mr. Tessier.

31. It is Plaintiff's information and belief that Mr. Tessier terminated Plaintiff because of Plaintiff's age was confirmed when Plaintiff learned, after Plaintiff was terminated, when two employees, who were substantially younger than Plaintiff, who were hired by Mr. Tessier, informed Plaintiff that Mr. Tessier told them in their interviews that he intended to replace the older sales team members with younger more hungry sales consultants.

32. At the time of their interviews, Plaintiff was the only sales consultant who was over 50 years old. He was, in substance, telling these candidates that he intended to terminate Plaintiff because of Plaintiff's age.

33. It is Plaintiff's information and belief that Shanix violated the Rhode Island Fair Employment Practices Act, RI Gen. Law, § 28-5-1 *et seq.* and Rhode Island Civil Rights Act, § 42-112-1 *et seq.* and Age Discrimination in Employment Act, §§ 29 U.S.C. 621 *et seq.* by terminating Plaintiff from his employment with it on the basis of his age.

*CAUSES OF ACTION*

FOR AGE MOTIVATED ADVERSE TERMS AND CONDITIONS OF EMPLOYMENT

and TERMINATION OF EMPLOYMENT

*PETER KAZARIAN VS. SHANIX, INC. D/B/A SHANIX TECHOLOGY, INC.*

First Cause of Action: FEPA, R.I. Gen. Laws §§ 28-5-1 *et seq.*

Second Cause of Action: RICRA, R.I. Gen. Laws §§ 42-112-1 *et seq.*

Third Cause of Action: ADEA, 29 U.S.C. §§ 29 U.S.C. 621 *et seq.*

5

Case Number: PC-2022-04636
Filed in Providence/Bristol County Superior Court
Submitted: 10/26/2022 11:43 AM
Envelope: 3843826
Reviewer: Maureen D.

Case 1:22-cv-00380-WES-PAS Document 1-4 Filed 10/26/22 Page 16 of 36 PageID #: 41

34. Plaintiff incorporates all the above paragraphs of this Complaint for Causes of Action One, Two, and Three.

35. Defendant Shanix has continuously and intentionally discriminated against Plaintiff on the basis of his age in violation of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1 *et seq.*, Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1 *et seq.* and, Age Discrimination in Employment Act, §§ 29 U.S.C. 621 *et seq.* by: (1) denying him equal terms and conditions of employment; and (2) by terminating his employment.

36. As a direct and proximate cause result of said acts, in general, Plaintiff has suffered economic damages, including, but not limited to, back pay and benefits, and mental, emotional, and social damages including, but not limited to, emotional distress, loss of enjoyment of life, humiliation, and damage to his personal and business reputation, as a result of Defendant discriminating against him on the basis of his age.

*PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment:

a. Declaring that the acts and practices complained of herein are in violation of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws §§ 28-5-1 *et seq.*, Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1 *et seq.,* and Age Discrimination in Employment Act, §§ 29 U.S.C. 621 *et seq.;*

b. Enjoining and permanently restraining the Defendant from further violating the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws §§ 28-5-1 *et seq.*, Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1 *et seq.,* and Age Discrimination in Employment Act, §§ 29 U.S.C. 621 *et seq.;*

6

Case Number: PC-2022-04636
Filed in Providence/Bristol County Superior Court
Submitted: 10/25/2022 11:42 AM
Envelope: 3835827
Reviewer: Maureen D.
Filed in Providence/Bristol County Superior Court
Submitted: 7/27/2022 7:41 PM
Envelope: 3725565
Reviewer: Maureen D.

c. Pursuant to the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws §§ 28-5-1 *et seq.*, The Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1 *et seq.*, and the Age Discrimination in Employment Act, §§ 29 U.S.C. 621 *et seq.* directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful discriminatory practices are eliminated and do not affect Plaintiff's future employment opportunities;

d. Pursuant to the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws §§ 28-5-1 *et seq.*, Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1 *et seq.*, and Age Discrimination in Employment Act, §§ 29 U.S.C. 621 *et seq.*, directing Defendant to place Plaintiff in the place she would have occupied but for Defendant's discriminatory treatment of him, and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, including, but not limited to, wages, and employee benefits;

e. Pursuant to the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws §§ 28-5-1 *et seq.* and Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1 *et seq.*, awarding the Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, psychological and psychiatric injuries, loss of enjoyment of life, and other non-pecuniary losses to be determined by a jury for violations of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws §§ 28-5-1 *et seq.* and/or the Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1 *et seq.*;

f. Awarding the Plaintiff punitive damages for Defendant's intentional violations of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws §§ 28-5-1 *et seq.* and/or Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1 *et seq.* Defendant was aware of the Plaintiff's statutory rights pursuant to the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws

7

Case Number: PC-2022-04636
Filed in Providence/Bristol County Superior Court
Submitted: 11/22/2022 11:44 AM
Envelope: 3923937
Reviewer: Maureen D.

Case Number: PC-2022-04636
Filed in Providence/Bristol County Superior Court
Submitted: 10/28/2022 7:41 PM
Envelope: 3725565
Reviewer: Maureen D.

Case 1:22-cv-00381-WES-PAS   Document 1-4   Filed 10/26/22   Page 18 of 36 PageID #: 43

§§ 28-5-1 *et seq* and/or  The Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1 *et seq.,* and intentionally violated these statutes and did so with malice and ill will toward Plaintiff and/or reckless indifference to Plaintiff's statutorily protected rights.

g. Awarding Plaintiff liquated damages in an amount equal to the amount awarded for back pay for Defendant's intentional violation of the Age Discrimination in Employment Act, §§ 29 U.S.C. 621 *et seq.;*

h. Awarding Plaintiff, the costs of this action together with reasonable attorney's fees and expert witness fees, as provided by the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws §§ 28-5-1 *et seq.*, Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1 *et seq.,* and the Age Discrimination in Employment Act, §§ 29 U.S.C. 621 *et seq.;*

i. Awarding Plaintiff interest on the entire judgement; and

j. Granting such other and further relief as this Court deems necessary and proper.


**PLAINTIFF DEMANDS A TRIAL BY JURY**


                                    Respectfully submitted,
                                    By Plaintiff's Attorney,

                                    /s/ Robert E. Savage

                                    Robert E. Savage (#4461)
                                    SAVAGE & SAVAGE
                                    156 Airport Road
                                    Warwick, RI 02889
                                    Telephone: (401) 732-9500
                                    Fax: (401) 732-0166
                                    robert@savageandsavage.com


8

Case Number: PC-2022-04636
Filed in Providence/Bristol County Superior Court
Submitted: 10/25/2022 11:42 AM
Envelope: 3843696
Reviewer: Maureen D.

# EXHIBIT B

Case Number: PC-2022-04636
Filed in Providence/Bristol County Superior Court
Submitted: 10/25/2022 11:42 AM
Envelope: 3843696
Reviewer: Maureen D.

STATE OF RHODE ISLAND                                  SUPERIOR COURT
PROVIDENCE, S.C.

_____
                                          :
PETER KAZARIAN,                           :
                                          :
        Plaintiff,                        :
                                          :
        v.                                :    Civil Action No. PC-2022-04636
                                          :
SHANIX, INC., D/B/A SHANIX                :
TECHNOLOGY, INC.                          :
                                          :
        Defendant.                        :
_____        :

## **NOTICE OF FILING OF NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Shanix, Inc. ("Defendant") hereby gives

notice to the Superior Court of Providence County, Rhode Island, and to the attorney for Plaintiff

Peter Kazarian, that on October 25, 2022, Defendant filed a Notice of Removal, thereby removing

this action to the United States District Court for the District of Rhode Island. A copy of the Notice

of Removal electronically filed on October 25, 2022 is attached hereto.

Respectfully submitted,

SHANIX, d/b/a SHANIX TECHNOLOGY, INC.

By its attorneys,


/s/ Eric B. Mack
Eric B. Mack (#7784)
Gregory E. Henninger (#9776)
LITTLER MENDELSON, P.C.
One Financial Plaza, Suite 2205
Providence, RI 02903
(401) 824-2500
(401) 454-2969 (fax)
emack@littler.com
Dated: October 25, 2022            ghenninger@littler.com

Case 1:23-cv-00381-WES-PAS   Document 4   Filed 10/26/22   Page 21 of 36 PageID #: 46

## CERTIFICATE OF SERVICE

I, Eric B. Mack, hereby certify that on the 25th day of October, 2022, the foregoing

document was e-filed and served through the electronic filing system on the following parties.  The

document electronically filed and served is available for viewing and/or downloading from the

Rhode Island Judiciary's Electronic Filing System.

Robert E. Savage, Esq.
SAVAGE & SAVAGE
156 Airport Road
Warwick, RI  02889
robert@savageandsavage.com

/s/ Eric B. Mack
Eric B. Mack

4887-4041-0925.1 / 113375-1001

Case 1:22-cv-00381-WES-PAS Document 1-4 Filed 10/26/22 Page 22 of 36 PageID #: 47

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Peter Kazarian

## DEFENDANTS
Shanix, Inc., d/b/a Shanix Technology, Inc.

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Providence
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert E. Savage, Esq., Savage & Savage
156 Airport Road, Warwick, RI 02889

Attorneys *(If Known)*
Eric B. Mack, Esq., Littler Mendelson, PC
One Financial Plaza, Providence, RI 02903

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1331, 1441, and 1446(a)

Brief description of cause:
Age discrimination in violation of federal and state law

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*    JUDGE _____   DOCKET NUMBER _____

DATE
10/25/2022

SIGNATURE OF ATTORNEY OF RECORD
/s/ Eric B. Mack #7784

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

Case Number: PC-2022-04636
Filed in Providence/Bristol County Superior Court
Submitted: 10/25/2022 11:42 AM
Envelope: 3843696
Reviewer: Maureen D.

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

PROVIDENCE/BRISTOL COUNTY SUPERIOR COURT

# SC DOCKET SHEET
## CASE NO. PC-2022-04636

| | | | |
|---|---|---|---|
| Peter Kazarian | § | Location: | **Providence/Bristol County Superior Court** |
| v. | § | | |
| Shanix, Inc. d/b/a Shanix Technology, Inc. | § | Filed on: | **07/27/2022** |
| | § | US District Court Case Number: | **1:22-cv-00381** |
| | § | | |

---

### CASE INFORMATION

**Statistical Closures**
10/25/2022    Closed-Non-Trial-Unassigned-Remanded to District Court

Case Type: **Civil Rights/Job Discrimination**

Case Status: **10/25/2022    Closed**

Case Flags: **Claim for Jury Trial**

---

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment** |
| | Case Number        PC-2022-04636 |
| | Court        Providence/Bristol County Superior Court |
| | Date Assigned        07/27/2022 |

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | Kazarian, Peter | **SAVAGE, ROBERT E** |
| | | *Retained* |
| | | 4017329500(W) |
| **Defendant** | Shanix, Inc. d/b/a Shanix Technology, Inc. | **MACK, ERIC B.** |
| | | *Retained* |
| | | 4018242432(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|
| | **EVENTS** |
| 10/25/2022 | Closed-Non-Trial-Unassigned-Remanded to District Court |
| 10/25/2022 | Case Removed to US District Court |
| 10/25/2022 | Notice of Removal |
| | *Notice of Filing of Notice of Removal* |
| 07/28/2022 | Summons |
| 07/27/2022 | Complaint Filed |
| | *Complaint Kazarian* |



## STATE OF RHODE ISLAND
## AND PROVIDENCE PLANTATIONS

### CLERK'S CERTIFICATE AND TRANSMITTAL OF THE RECORD

**Case Information**

Case Caption: Peter Kazarian vs. Shanix, Inc.d/b/a Shanix Technology, Inc.

Federal Court Case No. 1:22-cv-00381    State Court Case No. PC-2022-04636

**Record Information**

Confidential:    Yes ☐    No ☑    Description: _____

Sealed documents:    Yes ☐    No ☑    Description: _____

**Certification**

I, Stephen Burke _____, Clerk of the Rhode Island Superior Court for the County of
Providence _____ ☑, do certify that the attached documents are all the documents
included in the record in the above referenced case.

Date: Oct/25/2022

Clerk:
/s/ Stephen Burke _____

Prepared by:
/s/ Maureen M. Daily _____



# STATE OF RHODE ISLAND

## SUPERIOR COURT

## SUMMONS

| | **Civil Action File Number**<br>PC-2022-04636 |
|---|---|
| **Plaintiff**<br>Peter Kazarian<br> v.<br>Shanix, Inc. d/b/a Shanix Technology, Inc.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Robert E Savage |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>SAVAGE & SAVAGE<br>156 AIRPORT ROAD<br>WARWICK RI  02889 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>40 Worttington Road<br>Cranston RI  02920 |

**TO THE DEFENDANT, Shanix, Inc. d/b/a Shanix Technology, Inc.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 7/28/2022. | /s/ Stephen Burke<br>Clerk |
|---|---|

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

| | |
|---|---|
| **Plaintiff**<br>Peter Kazarian<br> v.<br>Shanix, Inc. d/b/a Shanix Technology, Inc.<br>**Defendant** | **Civil Action File Number**<br>PC-2022-04636 |

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Shanix, Inc. d/b/a Shanix Technology, Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person of suitable age and discretion _____

Address of dwelling house or usual place of abode _____

_____

Age _____

Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.

Name  of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.

Name  of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
   Name  of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
   Name  of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____

   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

   _____

☐ I was unable to make service after the following reasonable attempts: _____

   _____

| SERVICE DATE:      _____/_____/_____ <br> Month     Day       Year | SERVICE FEE $ _____ |
|---|---|

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

 Signature

State of _____

County of _____

   On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____

My commission expires: _____

Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2020)

Case Number: PC-2022-04636
Filed in Providence/Bristol County Superior Court
Submitted: 7/27/2022 7:41 PM
Envelope: 3725565
Reviewer: Maureen D.

2-cv-00381-WES-PAS    Document 4    Filed 10/26/22    Page 29 of 36 PageID #: 54

| | |
|---|---|
| PETER KAZARIAN,<br>    **Plaintiff** | )    **STATE OF RHODE ISALND** |
| | ) |
| **VS.** | ) |
| | )    **C.A. No.: PC 2022-** |
| **SHANIX, INC.** | ) |
| **d/b/a SHANIX TECHOLOGY, INC.** | )    **CIVIL ACTION** |
|     **Defendant** | ) |

<u>**COMPLAINT**</u>

*NATURE OF CASE*

1. Plaintiff, Peter Kazarian, alleges that his former employer, SHANIX, INC. d/b/a SHANIX TECHOLOGY, INC., in violation of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws §§ 28-5-1 *et seq*. ("FEPA"), Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1 *et seq*. ("RICRA"), and Age Discrimination in Employment Act, §§ 29 U.S.C. 621 *et seq*. ("ADEA")*,* discriminated against him because of his age by terminating his employment with it.

*JURISDICTION AND VENUE*

2. This Court has jurisdiction over the Plaintiff's Rhode Island Fair Employment Practices Act claim pursuant to R.I. Gen. Laws § 28-5-24.1.

3. This Court has jurisdiction over the Plaintiff's Rhode Island Civil Rights Act claim pursuant to R.I. Gen. Laws § 42-112-2.

4. This Court has jurisdiction over Plaintiff's Age Discrimination in Employment Act claim pursuant to 29 U.S.C. §§ 621-334 as it is a court of general jurisdiction.

5. Venue is proper in this Court since the alleged unlawful employment practices occurred in Providence County and the Defendant's main place of business is in Providence County.

Case Number: PC-2022-04636
Filed in Providence/Bristol County Superior Court
Submitted: 7/27/2022 7:41 PM
Envelope: 3725565
Reviewer: Maureen D.

Case 1:22-cv-00381-WES-PAS    Document 4    Filed 10/26/22    Page 30 of 36 PageID #: 55

*EXHAUSTION OF ADMINISTRATIVE REMEDIES*

6.  On May 5, 2021, which was less than 300 days since the Plaintiff had notice of the Defendant's unlawful employment practices, Plaintiff co-filed a charge against SHANIX, INC. d/b/a SHANIX TECHOLOGY, INC. alleging age discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the United States Equal Employment Opportunity Commission ("EEOC").

7.  After the Charge had been pending for more than 120 days but less than two years, Plaintiff requested that the RICHR issue a right to sue notice so that he could pursue his FEPA claims in court.

8.  The RICHR issued Plaintiff a Notice of Right to Sue for his FEPA claims against the Defendant on April 29, 2022. This Complaint was filed within ninety days of the date that the Right to Sue Notice from the RICHR was issued.

9.  After the Charge had been pending for more than 180 days, the EEOC issued a Notice of Right to Sue to Plaintiff for his ADEA claims against the Defendant on June 29, 2022.

10. This Complaint was filed within ninety days of the date that the Right to Sue Notice from the EEOC was issued to Plaintiff.

11.  The Rhode Island Civil Rights Act, RIGL §§ 42-112-1 *et seq*. does not require an exhaustion of administrative remedies and this Complaint was filed within its applicable statute of limitations.

*PARTIES*

12. Plaintiff, Peter Kazarian, currently lives in Sutton, Massachusetts.

2

13. Defendant, Plaintiff's former employer, Shanix, Inc., d/b/a Shanix Technology, Inc. (hereinafter "Shanix") is a Rhode Island domestic for-profit corporation that is located in Cranston, R.I.

14. It is Plaintiff's information and belief that Shanix employed 20 or more employees for each business day that Plaintiff worked for it starting in June of 2019 to the present, and at least two years prior to Plaintiff to working for it.

*ALLEGATIONS*

15. Plaintiff, Peter Kazarian, was 58 years old on the date that Shanix hired him for a position on or about June 2019.

16. As of the third quarter of 2019, Plaintiff held the position of Business Development Manager.

17. In or around the third quarter of 2019, Shanix brought in a new management employee, Brandon Tessier, to hold the position of Director of Business.

18. Mr. Tessier became Plaintiff's supervisor upon his arrival at Shanix.

19. It is Plaintiff's information and belief that Mr. Tessier was promoted to the position of Vice President within about 90 days of him being hired by Shanix.

20. It is Plaintiff's information and belief that Mr. Tessier is substantially younger than Plaintiff.

21. It is Plaintiff's information and belief that Mr. Tessier wanted to terminate Plaintiff from his employment with Shanix because of Plaintiff's age from the inception of Mr. Tessier's arrival at Shanix.

3

Case Number: PC-2022-04636
Filed in Providence/Bristol County Superior Court
Submitted: 7/27/2022 7:41 PM
Envelope: 3725565
Reviewer: Maureen D.

22. Mr. Tessier made several remarks to Plaintiff and others that indicated that he viewed Plaintiff negatively due to Plaintiff's age and that he wanted to terminate Plaintiff because of Plaintiff's age.

23. Shortly after Mr. Tessier began working at Shanix, while Plaintiff was sitting in Shanix's coffee/lunchroom, Mr. Tessier made a point of telling Plaintiff that he knew Plaintiff's age.

24. Close to when Mr. Tessier first arrived, when they were going over a process on the spreadsheet program Excel, Mr. Tessier told Plaintiff that it was "time for a young dog to teach an old dog new tricks."

25. In late winter of 2019, it was apparent to Plaintiff that Mr. Tessier wanted to terminate Plaintiff because of Plaintiff's age.

26. Due to this concern, while they were working on a project for which Plaintiff was needed to complete it, Plaintiff asked Mr. Tessier the question, "If I was not working on this would you have let me go?" And Mr. Tessier replied that Plaintiff would have been gone in a second.

27. This comment confirmed to Plaintiff that Mr. Tessier was waiting for an opportunity to terminate him when doing so would do the least harm to Shanix.

28. It is Plaintiff's information and belief that Mr. Tessier directed the workflow so that Plaintiff would not get credit for work that Plaintiff should be doing and trying to deny Plaintiff commission pay that Plaintiff was entitled to receive.

29. For example, on or about July 1, 2020 through July 2, 2020, when an existing client, a university located in Rhode Island, was requesting quotes for a job that normally would be directed to Plaintiff, Mr. Tessier directed that work in a way that he would ensure that

4

Plaintiff did not get credit for issuing these quotes or getting a commission if Shanix received the job.

30. On July 10, 2010, Shanix terminated Plaintiff from his position at Shanix and it is Plaintiff's information and belief that the *de facto* decisionmaker was Mr. Tessier.

31. It is Plaintiff's information and belief that Mr. Tessier terminated Plaintiff because of Plaintiff's age was confirmed when Plaintiff learned, after Plaintiff was terminated, when two employees, who were substantially younger than Plaintiff, who were hired by Mr. Tessier, informed Plaintiff that Mr. Tessier told them in their interviews that he intended to replace the older sales team members with younger more hungry sales consultants.

32. At the time of their interviews, Plaintiff was the only sales consultant who was over 50 years old. He was, in substance, telling these candidates that he intended to terminate Plaintiff because of Plaintiff's age.

33. It is Plaintiff's information and belief that Shanix violated the Rhode Island Fair Employment Practices Act, RI Gen. Law, § 28-5-1 *et seq.* and Rhode Island Civil Rights Act, § 42-112-1 *et seq.* and Age Discrimination in Employment Act, §§ 29 U.S.C. 621 *et seq.* by terminating Plaintiff from his employment with it on the basis of his age.

*CAUSES OF ACTION*

FOR AGE MOTIVATED ADVERSE TERMS AND CONDITIONS OF EMPLOYMENT

and TERMINATION OF EMPLOYMENT

*PETER KAZARIAN VS. SHANIX, INC. D/B/A SHANIX TECHOLOGY, INC.*

First Cause of Action: FEPA, R.I. Gen. Laws §§ 28-5-1 *et seq.*

Second Cause of Action: RICRA, R.I. Gen. Laws §§ 42-112-1 *et seq.*

Third Cause of Action: ADEA, 29 U.S.C. §§ 29 U.S.C. 621 *et seq.*

5

34. Plaintiff incorporates all the above paragraphs of this Complaint for Causes of Action One, Two, and Three.

35. Defendant Shanix has continuously and intentionally discriminated against Plaintiff on the basis of his age in violation of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1 *et seq.*, Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1 *et seq.* and*, Age Discrimination in Employment Act, §§ 29 U.S.C. 621 *et seq.* by: (1) denying him equal terms and conditions of employment; and (2) by terminating his employment.

36. As a direct and proximate cause result of said acts, in general, Plaintiff has suffered economic damages, including, but not limited to, back pay and benefits, and mental, emotional, and social damages including, but not limited to, emotional distress, loss of enjoyment of life, humiliation, and damage to his personal and business reputation, as a result of Defendant discriminating against him on the basis of his age.

*PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment:

a. Declaring that the acts and practices complained of herein are in violation of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws §§ 28-5-1 *et seq.*, Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1 *et seq.,* and Age Discrimination in Employment Act, §§ 29 U.S.C. 621 *et seq.;*

b. Enjoining and permanently restraining the Defendant from further violating the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws §§ 28-5-1 *et seq.*, Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1 *et seq.,* and Age Discrimination in Employment Act, §§ 29 U.S.C. 621 *et seq.;*

6

Case Number: PC-2022-04636
Filed in Providence/Bristol County Superior Court
Submitted: 7/27/2022 7:41 PM
Envelope: 3725565
Reviewer: Maureen D.

Case 1:22-cv-00381-WES-PAS   Document 4   Filed 10/26/22   Page 35 of 36 PageID #: 60

c.  Pursuant to the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws §§ 28-5-1 *et seq.*, The Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1 *et seq.,* and the Age Discrimination in Employment Act, §§ 29 U.S.C. 621 *et seq.* directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful discriminatory practices are eliminated and do not affect Plaintiff's future employment opportunities;

d.  Pursuant to the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws §§ 28-5-1 *et seq.*, Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1 *et seq.,* and Age Discrimination in Employment Act, §§ 29 U.S.C. 621 *et seq.,* directing Defendant to place Plaintiff in the place she would have occupied but for Defendant's discriminatory treatment of him, and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, including, but not limited to, wages, and employee benefits;

e.  Pursuant to the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws §§ 28-5-1 *et seq.* and Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1 *et seq.,* awarding the Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, psychological and psychiatric injuries, loss of enjoyment of life, and other non-pecuniary losses to be determined by a jury for violations of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws §§ 28-5-1 *et seq.* and/or the Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1 *et seq.*;

f.  Awarding the Plaintiff punitive damages for Defendant's intentional violations of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws §§ 28-5-1 *et seq.* and/or Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1 *et seq.* Defendant was aware of the Plaintiff's statutory rights pursuant to the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws

7

Case Number: PC-2022-04636
Filed in Providence/Bristol County Superior Court
Submitted: 7/27/2022 7:41 PM
Envelope: 3725565
Reviewer: Maureen D.

Case 1:22-cv-00381-WES-PAS   Document 4   Filed 10/26/22   Page 36 of 36 PageID #: 61

§§ 28-5-1 *et seq* and/or The Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1 *et seq.,* and intentionally violated these statutes and did so with malice and ill will toward Plaintiff and/or reckless indifference to Plaintiff's statutorily protected rights.

g. Awarding Plaintiff liquated damages in an amount equal to the amount awarded for back pay for Defendant's intentional violation of the Age Discrimination in Employment Act, §§ 29 U.S.C. 621 *et seq.;*

h. Awarding Plaintiff, the costs of this action together with reasonable attorney's fees and expert witness fees, as provided by the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws §§ 28-5-1 *et seq*., Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1 *et seq.,* and the Age Discrimination in Employment Act, §§ 29 U.S.C. 621 *et seq.;*

i. Awarding Plaintiff interest on the entire judgement; and

j. Granting such other and further relief as this Court deems necessary and proper.


## PLAINTIFF DEMANDS A TRIAL BY JURY


Respectfully submitted,
By Plaintiff's Attorney,

/s/ Robert E. Savage

Robert E. Savage (#4461)
SAVAGE & SAVAGE
156 Airport Road
Warwick, RI 02889
Telephone: (401) 732-9500
Fax: (401) 732-0166
robert@savageandsavage.com

8